**James V. BATTAGLIA, Plaintiff,**

v.

**Margaret HECKLER, Secretary, Department of Health & Human Services, Defendant.**

**No. 85 Civ. 0993 (EW).**

United States District Court,
S.D. New York.

Sept. 16, 1986.

James V. Battaglia, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Randy M. Mastro, Asst. U.S. Atty. of counsel.

OPINION

EDWARD WEINFELD, District Judge.

On February 6, 1985 plaintiff, James V. Battaglia, commenced this federal employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for alleged discriminatory retaliation by his former employer, the Social Security Administration. Plaintiff claims he was denied his within-grade salary increase because of his work as an Equal Employment Opportunity ("EEO") counselor and because of an EEO complaint he filed on his own behalf. On June 4, 1985 this court dismissed plaintiff's complaint, but granted him leave to replead his claim of discriminatory retaliation under Title VII. Defendant now moves both to dismiss the amended complaint for failure to state a cause of action and for summary judgment on the ground that this claim is time barred.

Background

On November 5, 1979, plaintiff filed a grievance over the denial of his within-grade salary increase. This grievance was rejected by a Merit System Protection Board ("MSPB") hearing examiner on August 5, 1980, and the examiner's decision was affirmed by the MSPB on March 17, 1981. Upon plaintiff's further appeal to the Equal Opportunity Commission, the decision of the MSPB was upheld on October 27, 1982. The Commission specifically found that the denial of the within-grade salary increase was the result of proper

management action, and not in reprisal for plaintiff's previous filing of an EEO complaint against his supervisor or because of his activities as an EEO counselor.

In support of its motion to dismiss the action as time barred, the defendant has presented a letter dated November 22, 1982, produced from the EEOC's case file, addressed to Battaglia, and signed by Martin I. Slate, Acting Director of EEOC's Office of Review and Appeals. The letter notifies Battaglia of the EEOC's final decision, which it states is enclosed with it. Defendant also submits an affidavit by Janet Gross, a clerk at the EEOC, which states that after plaintiff requested a copy of the final decision on his administrative complaint in early December 1984, she mailed a copy of the decision, in mid-December 1984, to his correct home address and that later in December she mailed another copy of the final decision to his home by certified mail. On January 5, 1985, the United States Postal Service attempted to deliver to plaintiff's home the certified parcel containing the EEOC's final decision. Battaglia was not at home, and a claim check for the parcel was left in his mailbox. Plaintiff claimed the parcel from the post office on January 7, 1985.

### Discussion

The critical date on the issue of whether plaintiff's action is time barred is when the plaintiff received notice of the EEOC's final ruling. Plaintiff argues that he did not receive notification until January 7, 1985 and accordingly his action was timely commenced within thirty days thereafter, pursuant to 42 U.S.C. § 2000e–16(c). The defendant contends that Battaglia received the notice in November 1982, when the EEOC, consistent with its usual practice and custom, mailed its decision to the MSPB and the plaintiff.

In her affidavit, Janet Gross swears that it is the custom and practice of the EEOC to send all of the affected parties in a case a copy of the EEOC's final decision shortly after the EEOC renders that decision. As evidence that defendant acted consistently with this custom and practice, with respect to Battaglia, the Government has submitted a copy of the letter of transmittal signed by Martin I. Slate, referred to above. As further evidence that the EEOC's mailing practice was followed in this instance, defendant has also submitted a certified mail receipt for a parcel sent to the MSPB, containing the EEOC's final decision in plaintiff's appeal, signed by the MPSB, and dated November 29, 1982. In addition, defendant has presented a certified mail slip for a parcel addressed to plaintiff, prepared at the same time as the MSPB receipt, but which was not signed by Battaglia. The joint pre-trial order, which plaintiff acknowledges he has read and was signed on his behalf by his authorized agent, also stipulates that: (1) plaintiff received a letter from Martin I. Slate; (2) the letter read "Enclosed, please find the final decision of the Equal Employment Opportunity Commission in the discrimination complaint appeal referred to above;" (3) the letter is dated November 22, 1982; and (4) Martin I. Slate has not been employed by the EEOC since January 1983. No appeal was taken by plaintiff within thirty days from the date of this letter; indeed, no action was taken by plaintiff until early December 1984, more than two years later, when he made his request of Ms. Gross.

Taken together, the presumption of prompt mailing which arises from the uncontested evidence of the custom and practice of the EEOC,[1] the date on the letter, the fact that Slate was no longer employed by the EEOC after January 1983, and plaintiff's admission that the letter was received by him, strongly supports an inference that: (1) the letter was actually mailed, and (2) the letter was mailed in November 1982. Since there is a presumption that a letter properly mailed is not only received by the addressee, but also that it is received in the due course of the

---

1. *Cf. LeGille v. Dann*, 544 F.2d 1, 8 (D.C.Cir. 1976) (evidence of procedural regularity raises    presumption of that regularity).

mails,[2] a letter mailed in November 1982 must be assumed to have reached plaintiff within a reasonable time thereafter and long before January 7, 1985. While the presumption of receipt in the "due course" or "regular time" of the mails does not state a fixed date on which delivery was made, to find that a letter, which the evidence presented overwhelmingly indicates was mailed no later than January 1983, the date by which Slate was no longer employed by the EEOC's Office of Review and Appeals, took more than two years to travel from Washington, D.C. to New York would render the concepts of "due course" and "regular time" meaningless. Against the totality of evidence, plaintiff's mere denials of receipt of any notice prior to January 7, 1985, contained in his deposition and memoranda of law, fail to rebut the presumption of receipt of the notice in due course after its mailing in November 1982.

Moreover, Battaglia's assertion that he did not receive the notice of final action by the EEOC, with its enclosure, until January 7, 1985 flies in the face of significant facts and common experience. His charge that he had been wrongfully denied a within-grade salary increase was a matter of major importance to him; he had actively been pursuing his claim in accordance with procedures, first before a hearing examiner and, when his claim was not sustained, before the MSPB, and then again before the EEOC. This entire process was aggressively pursued by plaintiff over a two year period. He was also actively engaged in controversy with the agency with regard to other matters bearing on his employment. It defies common sense and experience to believe that after plaintiff's matter was heard by the EEOC, which he knew to be the final administrative agency that could afford him relief, he was unaware of its determination on his appeal, made no

inquiry, and remained silent for more than two years awaiting a decision. His statement that to "the best of his knowledge" he had no contact with anyone at the EEOC until early in December 1984 is simply incredible. Equally absurd is his explanation that he "simply lost track of the matter" during that two-year period.[3]

Plaintiff is an articulate and knowledgeable person. He knew by reason of his duties while employed by defendant that any lawsuit to review final action by the EEOC had a thirty-day period of appeal. Plaintiff's deposition testimony and the record permit a finding that plaintiff was fully aware of the EEOC's adverse determination on or about November 1982, notice of it having been given to him at that time, and, having failed to commence action within thirty days made a calculated attempt to revive his claim by requesting a clerk at the EEOC, in early December 1984, to send him a copy of the November 1982 ruling.

Therefore, viewing the facts and inferences drawn from those facts in a light most favorable to plaintiff,[4] it is found that notification of the EEOC's final decision was received by plaintiff several years before January 7, 1985, and therefore this action is barred under 42 U.S.C. § 2000e–16(c). Defendant's motion for summary judgment is granted.

So ordered.

---

2. *Rosenthal v. Walker,* 111 U.S. 185, 193, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884) (mail is presumed to reach its destination at the regular time); *accord LeGille v. Dann,* 544 F.2d 1, 7 n. 39. *See also* McCormick, Evidence § 343 at 807–08 (2d ed. 1972); I Wigmore, Evidence § 95 at 524 (3d ed. 1940).

3. *See Dyer v. McDougall,* 201 F.2d 265, 268–69 (2d Cir.1952).

4. *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Hamilton v. Smith,* 773 F.2d 461 (2d Cir.1985).