**Mary Lou ROUSH, Plaintiff,**

v.

**KARTRIDGE PAK CO., Defendant.**

No. 3–91–CV–30147.

United States District Court,
S.D. Iowa,
Davenport Division.

Dec. 14, 1993.

Roger L. Strandlund and Robert P. Boeye, Califf & Harper, P.C., Moline, IL, for defendant.

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

James L. Ottesen, Davenport, IA, for plaintiff.

BENNETT, United States Magistrate Judge.

## TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND.   1329
II. SUMMARY JUDGMENT STANDARDS.   1330
III. FACTUAL FINDINGS.   1331
IV. LEGAL ANALYSIS.   1332
   A. The 90–Day Filing Period Following Receipt of the EEOC Right-to-Sue Letter—Is it Jurisdictional or is it Akin to a Statute of Limitations Subject to Equitable Tolling Principles?   1332
      1. Introduction   1332
      2. The Early View: The 90–Day Requirement as a Jurisdictional Prerequisite   1332
      3. The United States Supreme Court Decisions   1332
      4. The Current View: The 90–Day Requirement Subject to Equitable Tolling   1334
   B. The Presumption of Delivered Mail   1334
V. CONCLUSION.   1336

This employment discrimination litigation raises the question of whether Plaintiff Mary Lou Roush's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, is time-barred because she failed to comply with Title VII's requirement that plaintiffs seeking to bring civil actions under Title VII must do so within ninety (90) days after receiving a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. § 2000e–5(f)(1). Roush's former employer and Defendant in this action, Kartridge Pak Co., has moved for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), asserting that 42 U.S.C. § 2000e–5(f)(1) renders Roush's Title VII claim time-barred and, therefore, Roush's Title VII claim must be dismissed.

### I. PROCEDURAL BACKGROUND.

On November 26, 1991, Roush, through her counsel, filed a petition at law in the Iowa District Court for Scott County against Kartridge Pak Co. asserting age and sex discrimination arising out of her termination of employment with Kartridge Pak Co. in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. The litigation was removed from state court to this court by the Defendant on December 24, 1991. On October 6, 1993, Roush and Kartridge Pak Co. consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

On November 16, 1993, Kartridge Pak Co. moved for partial summary judgment asserting that Roush's failure to file this action within ninety (90) days of receipt of the EEOC right-to-sue letter requires dismissal of her Title VII claim pursuant to 42 U.S.C. § 2000e–5(f)(1). In support of its motion for partial summary judgment, as required by

Local Court Rule 14(h), Kartridge Pak Co. filed Defendant's Statement of Material Facts in Support of Defendant's Motion for Partial Summary Judgment alleging certain facts upon which there is no genuine issue to be tried. Roush has not filed a timely resistance to Kartridge Pak Co.'s motion for partial summary judgment as required by Local Court Rule 14(f) which provides that "[i]f no resistance is filed the motion may be granted." Notwithstanding this local rule, the court will address the merits of Kartridge Pak Co.'s motion for partial summary judgment.

## II. SUMMARY JUDGMENT STANDARDS.

The standard for granting summary judgment is well established. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Woodsmith Publishing Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir.1990); *Wabun–Inini v. Sessions,* 900 F.2d 1234, 1238 (8th Cir.1990) (citing Fed. R.Civ.P. 56(c)).[1] A court considering a motion for summary judgment must view all the facts in the light most favorable to the nonmoving party, and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)); *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991).

The Eighth Circuit recognizes "that summary judgment is a drastic remedy and must be exercised with extreme care to prevent taking genuine issues of fact away from juries." *Wabun–Inini,* 900 F.2d at 1238. The

Eighth Circuit, however, also follows the principle that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)); *Hartnagel v. Norman,* 953 F.2d 394, 396 (8th Cir.1992).

Procedurally, Kartridge Pak Co., as the moving party, bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show lack of a genuine issue." *Hartnagel,* 953 F.2d at 395 (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552). Kartridge Pak Co. is not required by Rule 56 to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

"When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. A nonmoving party (here Plaintiff Roush) is required under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The necessary proof that Roush must produce is not precisely measurable, but it must be "enough evidence so that a reasonable jury could return a verdict for the nonmovant." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

In *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510, *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53, and *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56, the Supreme Court

---

1. An issue of material fact is genuine if it has a real basis in the record. *Hartnagel v. Norman,* 953 F.2d 394 (8th Cir.1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). A genuine issue of fact is

material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

established that a summary judgment motion should be interpreted by the trial court to accomplish its purpose of disposing of factually unsupported claims, and the trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990). The trial court, therefore, must "assess the adequacy of the nonmovants' response and whether that showing, on admissible evidence, would be sufficient to carry the burden of proof at trial." *Hartnagel*, 953 F.2d at 396 (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is "entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Woodsmith*, 904 F.2d at 1247. However, if the court can conclude that a reasonable trier of fact could return a verdict for the nonmovant, then summary judgment should not be granted. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burk*, 948 F.2d at 492; *Woodsmith*, 904 F.2d at 1247.

### III. FACTUAL FINDINGS

On July 31, 1991, the Milwaukee district office of the United States Equal Employment Opportunity Commission, in Milwaukee, Wisconsin, issued a notice of right-to-sue to Mary Lou Roush, 2339 Iowa, Davenport, Iowa 52803.[2] The notice was not mailed by certified or registered mail, return receipt requested. The notice was mailed in the normal course of business to the parties as addressed on the face of the notice of right-to-sue. The notice of right-to-sue mailed to the parties was not returned to the EEOC by the U.S. Postal Service.

The EEOC notice of right-to-sue to Roush clearly informed her that she must file suit within ninety (90) days of receipt of the notice or "the right to sue will be lost." The right-to-sue letter also informed Roush if she could not afford or was unable to retain counsel, the district court having jurisdiction over her case may appoint counsel—but such a request "does not relieve the party of the obligation to file a lawsuit within this 90–day period."

On November 26, 1991, Roush, through counsel, originally commenced this action in the Iowa District Court for Scott County. November 26, 1991 is 118 days after the issuance of the EEOC right-to-sue letter.

There is no evidentiary basis in the summary judgment record concerning whether Roush did, in fact, receive the July 31, 1991 EEOC notice of right-to-sue mailed to her. Kartridge Pak Co. has suggested that the court presume—without providing any basis for the presumption—that Roush received the EEOC right-to-sue letter seven days after it was mailed.

**2.** The EEOC notice of right-to-sue mailed to Roush on July 31, 1991, stated:

Dear Ms. Roush:

This is to inform you that the Commission has made a determination that it will not proceed further with its processing of the above-referenced case under ... Title VII because having examined the Iowa Civil Rights Commission's, [sic] findings and the record presented, I conclude that the evidence obtained during the investigation does not establish violations of the statutes.

The fact that your Commission will take no further action does not affect your rights to take legal action on your own behalf....

This determination concludes EEOC's processing of the subject charge. As the charge alleged a Title VII violation, this is notice that if the Charging Party wishes to pursue this matter further, (s)he may do so by filing a private action in U.S. District Court against the Respondent(s) named above *within 90 days of receipt of this Determination. Once this 90–day is over, the right to sue will be lost....*

....

If the party cannot afford or is unable to obtain a lawyer to represent him/her, the U.S. District Court having jurisdiction in the case may, at its discretion, assist the party in obtaining a lawyer.... *A request for representation does not relieve the party of the obligation to file a lawsuit within this 90–day period.*

Contact the EEOC if there are any questions about legal rights, including advice on which U.S. District Court can hear the case, or if it is necessary to inspect and copy information contained in the case file.

On behalf of the Commission:

Chester V. Bailey

District Director

(emphasis supplied).

## IV. LEGAL ANALYSIS

### A. The 90–Day Filing Period Following Receipt of the EEOC Right-to-Sue Letter—Is it Jurisdictional or is it Akin to a Statute of Limitations Subject to Equitable Tolling Principles?

#### 1. Introduction

■ Title VII provides that a civil action "may" be brought within ninety (90) days after the aggrieved individual has been notified of the right to bring such an action by the EEOC.[3]

As Kartridge Pak Co. correctly notes in its brief "there has been considerable judicial debate concerning the operative legal effect of the 90–day period established by 42 U.S.C. § 2000e–5(f)(1)." Def.Mem. of Law in Supp. of Def.Mot. for Partial Summ.J. at 3 (Nov. 16, 1993). There has been a major shift in the federal court's view of the 90–day requirement contained in § 2000e–5(f)(1). The early majority view prevailing in the federal courts was that the 90–day requirement for filing suit following receipt of the EEOC right-to-sue letter was jurisdictional. The more recent majority view, transformed by a string of United States Supreme Court decisions that touched upon but did not directly decide the question, is that the 90–day requirement is not jurisdictional but more like a statute of limitations. Thus, the 90–day filing period under § 2000e–5(f)(1) is either a non-jurisdictional statute of limitations type provision or a jurisdictional prerequisite to filing an action. *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir.1986), *amended by,* 815 F.2d 570 (9th Cir.1987); *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392, 102 S.Ct. 1127, 1131, 71 L.Ed.2d 234 (1982). This distinction is critical because if the 90–day time period contained in § 2000e–5(f)(1) is a statute of limitations, non-compliance would be excused by equitable doctrines such as tolling or waiver. These doctrines have no application if the filing period is jurisdictional. *Valenzuela,* 801 F.2d at 1172.

#### 2. The Early View: The 90–Day Requirement as a Jurisdictional Prerequisite

Initially, the United States Court of Appeals for the Eighth Circuit viewed the 90–day filing period in § 2000e–5(f)(1) as a jurisdictional prerequisite. In *Hinton v. CPC Int'l, Inc.,* 520 F.2d 1312, 1315 (8th Cir.1975), the court held that the 90–day requirement for filing a complaint was jurisdictional. The court stated:

> Today we join those circuits which have held that the requirement found in 42 U.S.C. § 2000e–5(f)(1) for filing a complaint within 90 days is jurisdictional. Failure to bring an action under the section within 90 days deprives a federal district court of subject matter jurisdiction.

*Id.* Indeed, at the time the Eighth Circuit decided *Hinton,* "[t]he circuit courts of appeal which have considered the issue have uniformly held that the 90–day filing period found in 42 U.S.C. § 2000e–5(f)(1) is jurisdictional and mandatory." *Id.* *See e.g., Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027, 1029 (9th Cir.1975); *Genovese v. Shell Oil Co.,* 488 F.2d 84, 85 (5th Cir.1973); *Archuleta v. Duffy's Inc.,* 471 F.2d 33, 34–35 (10th Cir.1973); *Stebbins v. Nationwide Mut. Ins. Co.,* 469 F.2d 268, 269 (4th Cir.1972), *cert. denied,* 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973); *Harris v. National Tea Co.,* 454 F.2d 307, 309 (7th Cir.1971); *Goodman v. City Products Corp.,* 425 F.2d 702 (6th Cir.1970). This view that § 2000e–5(f)(1) was jurisdictional has gradually been transformed by a series of United States Supreme Court decisions which have touched upon, but not directly decided the question. These decisions are discussed in the following subsection.

#### 3. The United States Supreme Court Decisions

In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Court considered the related question of whether the statutory

---

**3.** Specifically, 42 U.S.C. § 2000e–5(f) provides, in relevant part, that "if ... the Commission has not filed a civil action ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...."

time limit for filing charges with the EEOC under Title VII is a jurisdictional prerequisite. The Court held

> that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. The structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion.

*Id.*

In *Mohasco Corp. v. Silver*, 447 U.S. 807, 811, 100 S.Ct. 2486, 2489, 65 L.Ed.2d 532 (1980), the Court, in considering another filing period under Title VII, observed that the Plaintiff filed his action 91 days after receiving a right-to-sue notice from the EEOC. *Id.* "But, rather than dismissing the action *sua sponte* as the Court would have done if the 90–day period were jurisdictional, the Court noted that the defendant had not raised the plaintiff's failure to comply with the 90–day filing period." *Valenzuela*, 801 F.2d at 1172–73. The Ninth Circuit recognized the significance of this aspect of the decision in *Mohasco Corp.* when it observed:

> The Court thus implied that it considered the 90–day period a statute of limitations subject to equitable doctrines such as waiver, rather than a jurisdictional requirement. *See Zipes*, 455 U.S. at 398, 102 S.Ct. at 1135 (noting the lack of *sua sponte* dismissal in *Mohasco* as support for holding that 180–day period for filing charges with the EEOC is not jurisdictional).

*Valenzuela*, 801 F.2d at 1173.

In *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 349–54, 103 S.Ct. 2392, 2395–98, 76 L.Ed.2d 628 (1983), the Court applied equitable principles to toll the 90–day period in § 2000e–5(f)(1) in the context of class action litigation. The plaintiff in *Crown Cork & Seal Co.*, Theodore Parker, received his right-to-sue letter from the EEOC while a motion for class certification by other employees was pending against his employer. *Crown Cork & Seal Co.*, 462 U.S. at 347–48, 103 S.Ct. at 2394–95. Plaintiff Parker was a potential member of the asserted class. *Id.* at 347, 103 S.Ct. at 2394. However, the motion for class certification was ultimately denied on September 4, 1980. *Id.* Plaintiff Parker had then filed a separate action in the United States District Court for the District of Maryland on October 27, 1980, within 90 days after the denial of class certification but almost two years after receiving his EEOC right-to-sue letter. *Id.* at 348, 103 S.Ct. at 2394. The Court held that the pendency of the class action tolled the 90–day filing period pursuant to § 2000e–5(f)(1) "as to all asserted members of the class." *Id.* at 350, 103 S.Ct. at 2395 (citing *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974)). Although the thrust of the Court's reasoning in *Crown Cork & Seal Co.* focused on the specific nature of the class action litigation, the Court's application of equitable tolling principles to the 90–day filing period contained in § 2000e–5(f)(1) "demonstrates that the period is a statute of limitations subject to equitable tolling, not a jurisdictional requirement." *Valenzuela*, 801 F.2d at 1173.

Finally, the Court's equitable tolling analysis in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), is additional evidence that the 90–day filing requirement in § 2000e–5(f)(1) is not jurisdictional. The Court held that the filing of a right-to-sue letter by a *pro se* plaintiff and informal request for appointed request for appointed counsel did not commence an action against the defendant for purposes of Title VII. *Id.* at 149–50, 104 S.Ct. at 1724–25. The Court rejected the Eleventh Circuit's holding that the filing of the right-to-sue letter tolled the 90–day filing. *Id.* at 150–52, 104 S.Ct. at 1725–26. However, in rejecting the tolling argument, the Court held that although "neither waiver nor tolling" was available on the facts before it—the Court did not hold that the 90–day filing period of § 2000e–5(f)(1) is never subject to equitable tolling. *Id.* at 152, 104 S.Ct. at 1726, and n. 6. In so holding, the Court cited with approval several lower federal court decisions which had tolled the 90–day filing period under § 2000e–5(f)(1), yet distinguished the facts of those cases from the *pro se* filing of the right-to-sue letter and the informal request for appoint-

ment of counsel found in the case before it. *Id.* at 151, 104 S.Ct. at 1725.[4]

### 4. The Current View: The 90-Day Requirement Subject to Equitable Tolling

The holdings in *Zipes, Mahasco Corp., Crown Cork & Seal Co.,* and *Baldwin County Welcome Ctr.* strongly suggest that the early majority view by the lower federal courts that the 90–day time period in § 2000e–5(f)(1) was jurisdictional is erroneous.

Following the United States Supreme Court decisions in *Zipes, Mahasco Corp., Crown Cork & Seal Co.,* and *Baldwin County Welcome Center,* the majority of federal courts who have addressed the question have held that § 2000e–5(f) is not jurisdictional and is subject to equitable tolling. *Hill v. John Chezik Imports,* 869 F.2d 1122 (8th Cir.1989); *Valenzuela,* 801 F.2d at 1173; *Brown v. J.I. Case Co.,* 756 F.2d 48, 49–50 (7th Cir.1985); *Espinoza v. Missouri Pac. R.R. Co.,* 754 F.2d 1247, 1250 (5th Cir.1985); *Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1314 (7th Cir.1984); *Suarez v. Little Havana Activities,* 721 F.2d 338, 340 (11th Cir.1983); *Rice v. New England College,* 676 F.2d 9, 10 (1st Cir.1982); *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 360 (D.C.Cir. 1982).

Therefore, this court concludes that the 90–day filing restriction contained in § 2000e–5(f)(1) is not jurisdictional and may be tolled for equitable considerations.[5] Here, however, Roush has failed to respond to Kartridge Pak Co.'s motion for partial summary judgment, let alone assert justification for invoking equitable tolling. Therefore, Roush's claim may not be saved by applying equitable tolling principles.

### B. The Presumption of Delivered Mail

■ One final point in the Kartridge Pak Co.'s motion for partial summary judgment compels consideration. In support of Kartridge Pak Co.'s motion for partial summary judgment, it asserts as an uncontested material fact the following:

> Upon information and belief, the Plaintiff received the aforesaid EEOC letter no later than August 7, 1991. (This presumption that the letter was received by the Plaintiff within a week of the date of mailing favors the Plaintiff, because the letter was likely received by the Plaintiff at an earlier date.)

Def. Statement of Material Facts in Supp. of Def. Mot. for Partial Summ. J. at 2, ¶ 3 (Nov. 16, 1993).

The court was initially troubled by this assertion because the factual record in this case is devoid of any factual or evidentiary

---

4. The Court in *Baldwin County Welcome Ctr.* specifically stated that:

> This is not a case in which a claimant has received inadequate notice, see *Gates v. Georgia–Pacific Corp.,* 492 F.2d 292 (CA9 1974); or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, see *Harris v. Walgreen's Distr. Ctr.,* 456 F.2d 588 (CA6 1972); or where the court has led the plaintiff to believe that she has done everything required of her, see *Carlile v. South Routt School Dist. RE 3–J,* 652 F.2d 981 (CA10 1981). Nor is this a case where affirmative misconduct on the part of defendant lulled the plaintiff into inaction. See *Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207 (CA10 1980); *Leake v. University of Cincinnati,* 605 F.2d 255 (CA6 1979). The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence.

*Baldwin County,* 466 U.S. at 151, 104 S.Ct. at 1725.

5. "Courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff." *Hill,* 869 F.2d at 1124 (footnote omitted). The United States Supreme Court has indicated that equitable tolling is justified where the EEOC notice is inadequate, where there is a pending motion for appointment of counsel and equity would justify tolling, where the court has led the plaintiff to believe she has done everything required of her, where affirmative misconduct on the part of the defendant lulled the plaintiff into inaction, *Baldwin County Welcome Ctr.,* 466 U.S. at 151, 104 S.Ct. at 1725, or where the plaintiff, during the statutory period has actively pursued his judicial remedies by filing a defective pleading. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Court generally has "been much less forgiving in receiving late filing where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

basis concerning whether Roush actually received the EEOC letter. There are two reasons why this ambiguity in the record should not preclude the granting of partial summary judgment on behalf of Kartridge Pak Co. First, Roush has failed to resist the motion for partial summary judgment and, thus, has failed to generate a material question of fact as to whether she received the EEOC right-to-sue letter. Secondly, Kartridge Pak Co. is entitled to rely on the presumption that the EEOC right-to-sue letter sent by the EEOC Milwaukee regional office was received by Roush.

The law presumes that correspondence properly addressed, stamped and mailed was received by the individual or entity to whom it was addressed. *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884) ("The rule is well settled that if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course of business in the post-office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed."); *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."); *see also Arkansas Motor Coaches v. Commissioner*, 198 F.2d 189, 191 (8th Cir.1952); *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993); *In re East Coast Brokers and Packers, Inc.*, 961 F.2d 1543, 1545 (11th Cir.1992); *Hoffenberg v. Commissioner*, 905 F.2d 665, 666 (2d Cir.1990); *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir.1989);

*Phillips v. Riverside, Inc.*, 796 F.Supp. 403, 407 (E.D.Ark.1992); *Truesdale v. Pacific Holding Co./Hay Adams Div.*, 778 F.Supp. 77, 81 (D.D.C.1991). "While the presumption is a rebuttable one it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption." *Arkansas Motor Coaches*, 198 F.2d at 191; *see also Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (holding that under New York law that mere denial of receipt is insufficient to rebut the presumption).

In their summary judgment motion, Kartridge Pak Co. has successfully established, through the affidavit dated November 16, 1993 from Michelle Washington, the state and local coordinator for the Milwaukee district office of the EEOC, that the July 31, 1991 EEOC right-to-sue letter was properly addressed, stamped and mailed to Roush at the address she had provided the EEOC.[6] By failing to respond to Kartridge Pak Co.'s motion for partial summary judgment, Roush has failed to demonstrate a material question of fact to rebut this presumption.[7]

Because Roush has failed to rebut this presumption that she received the EEOC right-to-sue letter, this court must find that she received the letter within a reasonable period of time from it being sent by the EEOC on July 31, 1991. The seven day period suggested by Kartridge Pak Co. is certainly not unreasonable. Therefore, utilizing the seven day period, the lawsuit was filed on the 111th day after Roush's receipt of the EEOC right-to-sue letter. Because this is 21 days beyond the 90–day time period mandated in § 2000e–5(f)(1), Roush's Title VII claim is untimely.

6. Even if Roush was not currently residing at the 2339 Iowa, Davenport, Iowa 52803 address previously supplied to the EEOC, her failure to provide the EEOC with a current address precludes equitable tolling of the 90–day filing period in § 2000e–5(f)(1). *Hill*, 869 F.2d at 1124; *St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir.1984). As the court in *Alverno College* noted: "people who have filed charges with the EEOC have been required to notify the Commission of any change of address" since 1977. *Alverno College*, 744 F.2d at 1316 (citing 42 Fed. Reg. 47,833 (Sept. 22, 1977)). The regulation,

codified at 29 C.F.R. § 1601.7(b) (1981), "makes mandatory that which was dictated already by common sense." *Id.*

7. To invoke the presumption of delivery upon presentation of evidence of proper mailing, a party may either present evidence of actual mailing or present proof of procedures followed in the regular course of operations which give rise to a strong inference that an item was properly addressed and mailed. *See Godfrey*, 997 F.2d at 338.

## 1336

### V. CONCLUSION

Congressionally mandated time requirements, such as the 90–day time period in § 2000e–5(f)(1), "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr.*, 466 U.S. at 152, 104 S.Ct. at 1726. As the court stated in *Mahasco*, 447 U.S. at 826, 100 S.Ct. at 2497, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Thus, time limitations such as the 90–day period mandated in § 2000e–5(f)(1) "are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452–53 (7th Cir.1990).

Roush's Title VII claim is clearly untimely and violates the congressional mandate embodied in the 90–day time period in 2000e–5(f)(1). Moreover, Roush has ignored Kartridge Pak Co.'s motion for partial summary judgment and has failed to assert, let alone establish, any equitable tolling principles to save her claim. The Title VII claim is, therefore, time-barred and must be dismissed. Kartridge Pak Co.'s Motion for Partial Summary Judgment is granted.

**IT IS SO ORDERED.**