**Patrina J. SPEIGHT, Plaintiff,**

v.

**ODOM ANTENNA, INC., Defendant.**

**No. LR–C–95–233.**

United States District Court,
E.D. Arkansas,
Western Division.

Feb. 5, 1996.

---

Bernard Kenneth Johnson, Dumas, AR, for plaintiff.

Michael J. Dennis, Bridges, Young, Matthews & Drake, Pine Bluff, AR, for defendant.

### ORDER

ROY, District Judge.

Plaintiff brings this matter pursuant to the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e, *et seq.* Before the Court is the defendant's eleventh hour motion to dismiss filed on January 11, 1996. Defendant claims that the plaintiff waited more than 90 days after receiving her "right to sue" letter to file her lawsuit in federal court and her cause should accordingly be dismissed for being "out of time."

The Court has considered the briefs of the parties and has received testimony and other evidence offered at a pre-trial hearing held this morning. For the reasons set out below, the motion is denied.

### I.

Ms. Speight filed her sexual harassment claim with the Equal Employment Opportunity Commission ("EEOC") sometime in 1993.[1] Unrebutted evidence offered at the pretrial hearing indicates that both she and her attorneys checked on the status of her claim several times in 1993 and 1994. Long periods of time would pass between contacts with the EEOC, but usually nothing had been accomplished. In fact, it is not contradicted that in September, 1994, the EEOC's investigator assigned to the case, Mr. Glover, failed to appear at a scheduled interview of witnesses. Thereafter, at the request of the investigator, plaintiff's attorney did the interviews for him.

Shortly thereafter the case was assigned to Ms. Rose Eiza. On September 16, 1994, she wrote to Ms. Speight and essentially told her that her case was lacking in merit but that she had five days to submit additional evidence. Ms. Speight promptly replied with a three page letter dated September 18, 1994,

---

1. Defendant has not suggested that that claim was not properly filed within the requisite 180 day period.

and stamped received by the EEOC on September 20, 1994. It is not disputed that these two letters were both sent and received on the dates indicated.

After the transcripts of the interviews mentioned above were submitted to EEOC, and after she responded to Ms. Eiza's letter, the plaintiff waited for some answer from EEOC. Finally after hearing nothing, Ms. Speight called the Little Rock EEOC office in January of 1995 to inquire about her case. On or after January 19, 1995, Ms. Speight received a *copy* of a "Determination" letter (a/k/a "Letter of Determination" or "LOD") date stamped "SEP 30 1994" informing her that EEOC had found that the evidence did "not establish a violation of the statute." The letter contained the standard language informing her that she could only pursue the matter further by filing suit within 90 days of the receipt of the letter.

This copy of the "right to sue" letter was accompanied by a cover letter from Ms. Kay Klugh, at that time a Supervisory Investigator in the Little Rock office.[2] The cover letter was dated "January 18, 1994" but the parties are in agreement that the year was a "typo" and should have been "1995." In the cover letter, Ms. Klugh states that:

> The determination was mailed on September 30, 1994, and there is no evidence to indicate that it was returned as undeliverable mail. Regarding your question as to whether the determination was mailed to your attorney, it was not mailed to your attorney since there is no letter of representation in the file from an attorney.

*EEOC's cover letter to plaintiff,* attached as "Ex. 2" to plaintiff's Response to Motion to Dismiss. Ms. Speight filed her complaint in this Court on April 19, 1995, exactly 90 days after January 19, 1995.

## II.

The defendant argues that the right to sue letter must have been mailed out on September 30, 1994, that plaintiff would have received it a few days later, and that plaintiff was therefore required to file suit in federal court no later than a few days after December 29, 1994. Accordingly, defendant argues that Ms. Speight initiated her action much too late.

■ Title 42 of the United States Code, Section 2000e–5(f)(1) provides that "within ninety days after the giving of such notice [that one's claim was rejected by EEOC] a civil action may be brought. . . ." This has come to mean ninety days after *receipt* of the notice. "Generally, the ninety-day filing period begins to run on the day the right to sue letter is *received. . . .*" *Hill v. John Chezik Imports,* 869 F.2d 1122 (8th Cir.1989) (emphasis added).

As stated above, plaintiff filed her action on April 19, 1995. Therefore, if the plaintiff or a designated agent received her right to sue letter prior to January 19, 1995, she waited too long to file her lawsuit. If the first receipt of such notice was the copy mailed from EEOC on January 18 and received no earlier than the following day, plaintiff beat the deadline.

■ Defendant's assertion that the plaintiff must have received her notice shortly after September 30, 1994, is not based on any credible evidence presented. Rather, it is predicated on the idea that, out of necessity, one must presume that notices of this type are mailed in the ordinary course of business and almost always are timely delivered. In fact, there is some authority for the proposition that EEOC's practice of sending out the notices gives rise to a rebuttable presumption that they are timely delivered.

> [T]he presumption of prompt mailing which arises from the *uncontested* evidence of the custom and practice of the EEOC, [together with other evidence], strongly supports an inference that: (1) the letter was actually mailed, and (2) the letter was mailed [on the date of the letter]. [T]here is a presumption that a letter properly mailed is not only received by the addressee, but also that it is received in the due course of the mails. . . .

*Battaglia v. Heckler,* 643 F.Supp. 558 (S.D.N.Y.1986) (emphasis added). However, even if such a presumption existed in this

---

**2.** Ms. Klugh is now the Acting Director of the Little Rock EEOC office.

case, the Court believes that plaintiff has more than successfully rebutted it.

The Court has examined the EEOC's Compliance Manual to find what *should* occur when a determination letter is sent to a charging party. At all times pertinent to this matter, Section 4 of the manual, the section having to do with dismissals of complaints and charges, provided in pertinent part, as follows:

Send the charging party/aggrieved persons' [sic] copy by *certified mail* without a return receipt. Send the other copies by regular mail.

Section 4.5(a) (emphasis added). There is evidence suggesting that the original right to sue letter was not sent certified mail.

First, there is the plaintiff's assertion that she never saw the right to sue letter until after she called and received a copy in mid-January. That such an assertion is obviously self-serving does not necessarily make it untrue. The Court finds her testimony quite credible.

The Court also finds credible the testimony of her husband, Mr. A.C. Speight. He testified without contradiction that he was retired and checked the family's mail everyday. He recalls getting various correspondence from the EEOC and especially the letter from Ms. Eiza in mid-September of 1994. However, he has no memory of getting *any* correspondence from EEOC from the time of the receipt of Ms. Eiza's letter in September and the *copy* of the right to sue letter received in January from Ms. Klugh.

Furthermore, an examination of a copy of the right to sue letter reveals no existence of the certification "number" that is typically typed on the face of such a letter for the purpose of tracking down whether, when, or by whom a piece of mail was received. That is why the EEOC's manual requires that these notices be sent by certified mail. In fact, Ms. Klugh testified that in all probability, the letter was not sent certified mail as required by the manual.

The Court concludes that EEOC did not mail the right to sue letter to Ms. Speight by certified mail.

Furthermore, an important admission by the defendant suggests that the letter was not sent by any means, i.e., at all, on or shortly after September 30, 1994. On the first page of the determination letter, both Ms. Speight and Odom Antennas are "inside addressees." However, in paragraph 2 of its answer filed May 4, 1995, defendant admits that it did not get a copy of the LOD either. "Defendant affirmatively states that it received no notice of a right to sue letter to the plaintiff." If defendant's admission does not necessarily corroborate plaintiff's story, it is at least consistent with it.

During the evidentiary hearing, following the testimony of the first two witnesses, Ms. Speight and Ms. Klugh, defendant's counsel informed the Court that it would be the testimony of the defendant's owner, Mr. Thornton, that he did not recall one way or another whether the defendant got a copy of the right to sue letter. However, approximately ten minutes later, after the testimony of investigator Glover, Mr. Thornton took the stand and testified quite specifically that he did receive the letter "in late September," 1994 (the letter was dated September 30, 1994).

Given the affirmative and unequivocal language in defendant's answer and the announcement made in open court by counsel, presumably after consultation with Mr. Thornton, who as corporate representative is present at counsel table, the Court does not find Mr. Thornton's testimony to be credible on this particular point and finds that it is more likely than not that the defendant did not receive a copy of the right to sue letter in early October, 1994.

The Court hereby finds, that the letter was prepared and dated in late September, 1994, but probably never mailed out (certified or otherwise) to either party. Such a happening would be most consistent with all of the known facts. One need only find that one clerical member at a backlogged agency failed to get a letter mailed to its intended recipients.

Such would not be the first mistake EEOC has made in this case. Some clerical person typed the wrong year on Ms. Klugh's cover letter of January 18, 1995. Also, some per-

**332**

son failed to make sure that the right to sue letter went out by certified mail, as required by the EEOC's manual. Both Mr. Glover and Ms. Eiza were aware that Ms. Speight was represented by counsel yet neither informed her that she had to get her lawyer to submit something in writing if she wanted counsel to be copied on EEOC correspondence. According to Ms. Klugh's testimony, this was also a mistake made by EEOC personnel.

The mistake of not mailing the September 30, 1994, right to sue letter was an act beyond the control of the plaintiff, and will not bar her from having her case heard on the merits. It has been held that the EEOC's failure to follow its own Compliance Manual when mailing out a right to sue notice will excuse a diligent but rejected charging party from the 90 day limit. *Stallworth v. Wells Fargo*, 936 F.2d 522, 525 (11th Cir.1991).

The defendant has suggested that the plaintiff has not exercised the minimal diligence necessary to entitle her to equitable tolling of the 90 day time limit. The Court disagrees. The evidence is not contested that for over a year and a half the plaintiff repeatedly inquired of the EEOC about the status of her claim. She responded immediately to the EEOC's letter to her dated September 16, 1994. She and her husband never have had any trouble receiving her mail. Yet the defendant would have the Court believe that when she finally received the final determination letter on which she had been waiting for so long, she did nothing about it and did not make her counsel aware of it. The Court is not so persuaded.

\*　　\*　　\*

It is far from certain what actually happened *vis-a-vis* the mailing and receipt of Ms. Speight's right to sue letter. However, the Court strongly believes that this decision:

> is not only sensible in light of the notice requirement's function in the statutory scheme, but is also consistent with our previous admonitions that Title VII, a remedial statute, should be construed in favor of those whom the legislation was designed to protect. See *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397–398 [102 S.Ct. 1127, 1134–1135, 71 L.Ed.2d

234] [string cite deleted] (1982); *Love v. Pullman Co.*, 404 U.S. 522, 527 [92 S.Ct. 616, 619, 30 L.Ed.2d 679] [ditto] (1972).

*Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 102, 111 S.Ct. 453, 461, 112 L.Ed.2d 435 (1990) (J. Stephens, concurring in part and dissenting in part).

The motion to dismiss is denied; the trial will proceed accordingly.

IT IS SO ORDERED.