Ivan J. **CARRASCO**, Plaintiff,

v.

**CITY OF MONTEREY PARK,**
**et al., Defendants.**

**No. CV 97–0287 DDP (SHx).**

United States District Court,
C.D. California.

Sept. 2, 1998.

Leo James Terrell, Leo J. Terrell Law Offices, Beverly Hills, CA, for Ivan J. Carrasco.

Ivan J. Carrasco, Diamond Bar, CA, pro se.

Peter Jay Brown, Liebert Cassidy & Frierson, Los Angeles, CA, for City of Monterey Park, Monterey Park Fire Dept.

ORDER

GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PREGERSON, District Judge.

This matter comes before the Court on the defendants' motion for summary judgment. The defendants contend that the action is barred by the 90–day statute of limitations governing actions for employment discrimination under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e–5(f)(1). Having considered the contentions of the parties, the declarations submitted in favor of and in opposition to the motion, and the testimony of the plaintiff in an evidentiary hearing under Federal Rule of Civil Procedure 43(e), the Court concludes that no genuine issue of fact remains as to whether the plaintiff's claim accrued within the limitations period. The motion for summary judgment is therefore granted.

## I. BACKGROUND

Plaintiff Ivan Carrasco ("Carrasco") applied to be a Monterey Park firefighter on April 2, 1993. He alleges that he received the highest score on the entrance examination. Among the six finalists for the position, two were tied for the second highest score and three were tied for the third highest score. After the final six candidates were interviewed, three were chosen as firefighters. Carrasco alleges that three non-Hispanics were chosen, and that he was the only Hispanic among the six finalists.

The final hiring decision was made on June 8, 1993. On June 9, 1993, Carrasco filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). The DFEH forwards charges filed with it to the federal Equal Employment Opportunity Commission ("EEOC") under a work-sharing agreement between the agencies. *See* 1 *Wrongful Employment Termination Practice* § 2.6 (CEB 1997).

On September 30, 1996, the EEOC issued a right-to-sue letter to Carrasco. This letter is attached to the complaint as Exhibit C. The complaint does not state when Carrasco received the letter. The City of Monterey Park received the letter on October 2, 1996. (Randal Decl. ¶ 3.)

Carrasco lodged the complaint with the clerk of this Court on January 6, 1997, along with an application to proceed in forma pauperis. His application was denied on January 17, 1997, and the case was closed. (Order Denying Leave to Proceed In Forma Pauperis, entered Jan. 17, 1997.) Carrasco paid the filing fee on January 30, 1997, causing the case to be re-opened with the same case number.

The contentions underlying this motion were before the Court on December 15, 1997 in the form of a motion to dismiss. At the hearing, the Court notified the parties that the motion would be converted to one for summary judgment based on a factual dispute as to the date that the plaintiff received a right-to-sue letter from the EEOC. The motion for summary judgment was heard on January 26, 1998. The Court granted the plaintiff's application to continue the motion to allow further discovery under Federal Rule of Civil Procedure 56(f).

## II. DISCUSSION

### A. *Standard for Summary Judgment*

Federal Rule of Civil Procedure 56(c) provides that a motion for summary judgment shall be granted if the moving party establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such a showing can be made by an affirmative demonstration in affidavits or declarations by a moving party who bears the burden of proof on the controverted issue at trial. In a circumstance where the non-moving party has the burden of proof at trial, summary judgment is appropriate if the non-moving party fails to come forward with any evidence which would create a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court must look to the substantive law at issue to determine which facts are "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether a dispute is "genuine," the court must determine whether a reasonable jury, applying the standard of proof required by the applicable substantive law, could return a verdict for the non-moving party. *Id.* at 248–50, 106 S.Ct. 2505. Where, as here, the standard is preponderance of the evidence, the "mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to defeat summary judgment. *Id.* at 252, 106 S.Ct. 2505.

It is a matter of some disagreement among federal courts which party has the burden of proof on compliance with the statute of limitations. *See Williams v. Enterprise Leasing Co. of Norfolk/Richmond*, 911 F.Supp. 988, 993 (E.D.Va.1995) (discussing absence of authority on burden to demonstrate when plaintiff received right-to-sue letter). It is clear that the burden is on the plaintiff to plead the prerequisites for suit under Title VII. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988). Compliance with the 90–day statute of limitations is one of these prerequisites. Courts,

however, have also treated the 90–day statute of limitations as an affirmative defense to be pleaded and proved by the defendant. *See Williams,* 911 F.Supp. at 992; Fed. R.Civ.P. 8(c).

In *Williams,* the district court concluded that after the defendant has raised the statute of limitations as an affirmative defense, the burden shifts to the plaintiff to prove when he received the right-to-sue letter. *See Williams,* 911 F.Supp. at 993. The court based this conclusion on the plaintiff's unique access to the evidence regarding his own receipt of the letter.

■ The Court finds *Williams* persuasive on this point. In order to survive summary judgment, the plaintiff must produce evidence to show that the right-to-sue letter arrived at his address within the limitations period. If the plaintiff raises a genuine issue of fact as to this question, the statute of limitations issue must be submitted to the jury. *See Witt v. Roadway Express,* 136 F.3d 1424, 1429 (10th Cir.1998) (reversing grant of summary judgment where plaintiff rebutted five-day presumptive receipt with declaration stating that he received it later; credibility of the plaintiff's testimony was matter for the jury).

Here, the plaintiff has not come forward with direct evidence regarding when the letter arrived at his address. The defendants have presented circumstantial evidence in the form of the date on which the EEOC noted the mailing of the letter, and the date three days later when the defendants received the letter. The plaintiff sought, and the Court granted, additional time to discover evidence to controvert the mailing date of the letter. *See* Fed.R.Civ.P. 56(f).

B. *Application of the 90–Day Limitations Period*

■ Title VII provides that the EEOC shall give claimants notice of the EEOC's decision not to take action on a complaint, and that "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The 90–day period runs from the time the claimant receives

the right-to-sue letter, not from the time the EEOC sends it. *See* 29 C.F.R. § 1601.28(e)(1) (1997). The claimant is deemed to have received the letter when it arrives in the mail, regardless of whether the claimant has actually received it personally. *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir.1996).

■ For statute of limitations purposes, a complaint is deemed "filed" when tendered to the clerk, even if the clerk refuses to officially file it. *Loya v. Desert Sands Unified School Dist.,* 721 F.2d 279, 281 (9th Cir.1983) (holding that clerk's refusal to file based on violation of local rules does not provide basis for finding Title VII claim time-barred). Here, the complaint was first lodged with the clerk on January 6, 1997 as part of Carrasco's application to proceed in forma pauperis. The complaint was thus in the actual or constructive possession of the clerk on January 6, 1997. *See id.; Toliver v. County of Sullivan,* 841 F.2d 41, 42 (2d Cir.1988) (complaint deemed filed at time in forma pauperis application filed where in forma pauperis application was granted).

Using a filing date of Monday, January 6, 1997, and allowing for expiration of the limitations period on Saturday or Sunday when the clerk's office was closed, the action was timely filed if it accrued on or after Sunday, October 6, 1996. *See Ortez,* 88 F.3d at 807; Fed.R.Civ.P. 6(a) (where time for filing expires on a weekend, time is extended to Monday).

Thus, if there is a genuine issue of fact that would allow a reasonable jury to find that the letter arrived at Carrasco's house on Sunday, October 6, 1996 or later, then the defendants' motion for summary judgment must be denied.

1. *Direct Evidence Regarding Receipt of the Letter*

Carrasco stated in declaration and in live testimony that he was away from home during the week of October 1, 1996, and that when he returned home on Tuesday, October 8, 1996, he read the right-to-sue letter for this first time. (Carrasco Decl. (Jan. 12, 1996) ¶ 14.) Because he was away from home, however, he conceded on cross-exami-

nation that he has no personal knowledge as to whether the letter arrived in his mail before or after Sunday, October 6, 1996.

### 2. Circumstantial Evidence Plus Legal Presumption of Receipt Within A Reasonable Time After Mailing

As noted above, the defendants have presented evidence that the EEOC mailed the letter on September 30, 1996, and that the defendants received their copy on October 2, 1996. (See Randal Decl. ¶ 3.)

The Supreme Court has indicated that where the date of receipt of a right-to-sue letter is uncertain, it should be presumed that the letter was received within some reasonable time after mailing. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (presumed date of receipt of right-to-sue letter was 3 days after issuance, based on Federal Rule of Civil Procedure 6(e)). *Baldwin* made no holding, however, as to the time period in which a letter should be presumed to arrive. Courts have applied presumptive periods up to seven days. *See Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir.1986) (suggesting in dicta that 5–day presumption would apply based in part on 20 C.F.R. § 422.210(c) (presumes social security claimant receives notice of right to sue five days after notice enters mail)); *Roush v. Kartridge Pak,* 838 F.Supp. 1328, 1335 (S.D.Iowa 1993) (applying seven-day presumption because defendant suggested seven days); *Ellison v. Northwest Airlines, Inc.,* 938 F.Supp. 1503, 1509 (D.HI.1996) (noting the authority for 3, 5 or 7 days).

Some courts have applied the 3–day presumption, citing Rule 6(e) and *Baldwin. See Holmes v. NBC/GE,* 914 F.Supp. 1040, 1042–43 (S.D.N.Y.1996) (collecting cases); *Williams,* 911 F.Supp. at 991.

The Ninth Circuit has not made a holding on the applicable period, but has noted the applicability of the five-day period in dicta. *See Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 384 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 158, 139 L.Ed.2d 103 (1997).

Cases discussing the seven-day period do so only for the purpose of indicating that the plaintiff's complaint was untimely even under the most generous possible presumptive receipt standard. *See Ellison,* 938 F.Supp. at 1509; *Dade v. Southwestern Bell Tel. Co.,* 942 F.Supp. 312, 318 (S.D.Tex.1996); *Martinez v. Capital Cities/ABC–WPVI,* 909 F.Supp. 283, 285 (E.D.Pa.1995); *McNeill v. Atchison, Topeka & Santa Fe Ry. Co.,* 878 F.Supp. 986, 990 (S.D.Tex.1995); *Roush,* 838 F.Supp. at 1335.

■ Because the Ninth Circuit's only statement on this issue appears to endorse the five-day period, the Court concludes that this presumptive receipt period applies.

Applying the five-day period to the case at bar, the letter, having been mailed on September 30, 1996, would have arrived at Carrasco's address on or before Saturday, October 5, 1996. The 90–day limitations period would then have ended on or before Friday, January 3, 1997, three days before Carrasco lodged his complaint.

### 3. Is There A Genuine of Fact As To When The Letter Was Mailed?

Carrasco attempts to rebut the presumption of receipt within five days by attempting to raise a genuine issue of fact as to when the EEOC mailed the letter.

■ The presumption of receipt only arises after proof that the letter was properly addressed, stamped and mailed to the recipient's correct address. *See Roush,* 838 F.Supp. at 1335. The defendants initially offered, as evidence of proper mailing, the September 30, 1996 "date mailed" notation on the right-to-sue letter and the October 2, 1996 "received" stamp on the defendants' copy of the letter.

■ After this Court granted Carrasco's Rule 56(f) motion for further discovery, Carrasco secured the declaration of Sylvia Felix, who states that she is the "Supervisor of the Charge Receipt–Technical Information Unit" for the EEOC's Los Angeles office. (Felix Decl. ¶ 2.) Felix states that she is familiar with the usual practices followed in her office for mailing and dating right-to-sue letters. (*Id.* ¶ 3.) She declares that the usual practice "is to date the notice of right to sue on the date that it is placed in the office mail for

collection." (*Id.* ¶ 4.) In other words, a letter that contains a "date mailed" notation should have been placed in the office mail on that date. Carrasco's letter had "9/30/96" noted as the "date mailed." (Compl.Ex. C.)

Felix declares that the office mail is placed in a bin at the EEOC mail room for delivery to the postal service. (*Id.* ¶ 5.) Such collections occur at 11:30 a.m. on business days. (*Id.*) At 3:00 p.m. on business days, an EEOC clerk delivers mail from the EEOC mail room bin to a postal service collection site. (*Id.*) If mail is placed in the EEOC mail room bin after 3:00 p.m., it is not picked up by the postal service until the next business day. (*Id.*)

Felix states that "in the majority of files" no notation is made of the time when the right-to-sue letter was placed in the office mail. (*Id.* ¶ 6.)

Carrasco contends that the Felix declaration creates a genuine issue of fact as to whether the letter was placed in the office mail after 3:00 p.m. on September 30, 1996, making it possible that the letter was mailed on the next business day. If the letter was mailed on the next day, October 1, 1996, the presumptive receipt period would have ended on Sunday, October 6, 1996. Because there is no mail delivery on Sunday, the letter would be presumed to have arrived on Monday, October 7, 1996, within the limitations period.

■ In reply to Carrasco's evidence, the defendants request that the Court take judicial notice of several EEOC records in which EEOC employees logged activity in the Carrasco case.[1] The Court may take judicial notice of records and reports of administrative bodies. *See Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986).

The matters submitted for judicial notice are:

1. A case log with the notations indicating that several events took place on Sep-

tember 30, 1996. First, an EEOC employee with the initials "ADS" telephoned Carrasco for a "Determination Interview." (DRJN Ex. 1 at 4.) Second, the same employee forwarded Carrasco's file to "Control" for "closure." (*Id.*) Third, another employee with the initials "ST" made the notation "Closure Mailed."

2. A memorandum entitled "Record Of Contact" completed by EEOC Senior Investigator Angela Shaw, regarding Carrasco's "Determination Interview." Shaw made several notes about the interview, including that she advised Carrasco of "his right to file private suit and the steps to follow." (DRJN Ex. 2.)

Although the defendants' evidence supports an inference that the EEOC employees placed the right-to-sue letter in the office mail at some time on September 30, 1996, the defendants' evidence does not foreclose the possibility asserted by Carrasco that the letter was placed in the mail after 3:00 p.m. on September 30, 1996.

Carrasco's evidence, however, does not raise a genuine issue of fact that would allow the jury to find by a preponderance of the evidence that his right-to-sue letter was mailed after the September 30, 1996 date recorded on the letter and in the EEOC logs. The non-moving party at summary judgment must do more than present a scintilla of evidence; instead, the non-moving party must submit evidence that would allow a factfinder to find in his favor, applying the applicable evidentiary standard. *See Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2505. The Felix declaration raises only a speculative possibility that the letter was mailed after September 30, 1996; it does not constitute evidence as to when Carrasco's letter was actually mailed.

This case is distinguishable from cases in which the plaintiff had made a showing that the letter was not mailed on the date indicat-

---

1. The defendants have not sought to admit these as business records because they have been unable to secure a declaration from anyone in the EEOC to authenticate the documents or to establish the foundational facts for the business rec-

ords hearsay exception. The defendants, however, do submit a declaration to establish that they received these records from the EEOC as the result of a request under the Freedom of Information Act. (*See* Rodriguez Decl.)

ed. For example, in *Speight v. Odom Antenna, Inc.*, 927 F.Supp. 328 (E.D.Ark.1996), the plaintiff and her husband testified that they checked their mail regularly and did not receive the right-to-sue letter at any time near the date stamped on the letter. *Id.* at 331. They received a copy of the letter months after the purported date of mailing, after calling the EEOC to check on the status of the complaint. *Id.* at 330. In addition, the defendant's answer in *Speight* indicated that the defendant had not received a copy of the letter.[2] *Id.* at 331. The court also found that the EEOC Compliance Manual then in force required the EEOC to send the letter by certified mail, and that there was no certification number on the letter.[3]

Here, the facts do not support the inferences made in *Speight*. Carrasco has declared that he received and read the letter on October 8, 1996. (Carrasco Decl. (filed Jan. 12, 1998) ¶ 14.) In *Speight*, the inference of lack of mailing was supported by the testimony of the plaintiff and her husband that they did not receive a letter until they requested a copy four months after the purported mailing date. *Speight*, 927 F.Supp. at 331.

As noted above, the Supreme Court has instructed that in order for a material issue of fact to be "genuine," it must be supported by evidence that would allow the factfinder to resolve the issue in the non-moving party's favor. A mere scintilla of evidence is insufficient. *See Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505. Here, Carrasco's evidence that the letter might have been placed in the mail after the collection of September 30, 1996 is not sufficient to raise a genuine issue of fact.

### III.  CONCLUSION

The plaintiff has failed to show a genuine issue of fact as to whether the right-to-sue letter arrived on or after October 7, 1996,

and therefore as to whether this action was filed within the 90–day limitations period under Title VII. The motion for summary judgment is therefore GRANTED.

---

2. Here, it is uncontroverted that the defendants' copy of the letter is date-stamped "received" on October 2, 1996. (DRJN (filed Dec. 23, 1997) Ex. 2.) *See Sherlock v. Montefiore Medical Center*, 84 F.3d 522 (2d Cir.1996) (date stamp on defendant's copy of right-to-sue letter is relevant to show date of mailing; inferring from defendant's date stamp within limitations period that letter was sent much later than the "date mailed" noted by the EEOC on the letter).

3. The version of the EEOC Compliance Manual now in force does not require the use of certified mail. *See* EEOC Compliance Manual § 4.5(a), at 364 (CCH 1997). It is not clear, however, whether this version of the manual was in force when Carrasco's letter was mailed. The copy of Carrasco's letter submitted with the complaint does not have a certification number.