**Johnny SARTER, Plaintiff-Appellant,**

v.

**Lucille MAYS, Defendant-Appellee.**

**No. 73–3013.**

United States Court of Appeals,
Fifth Circuit.

March 25, 1974.

J. William Thomason, Bessemer, Ala., for plaintiff-appellant.

Arthur D. Shores, Birmingham, Ala., for defendant-appellee.

Before GODBOLD, SIMPSON and INGRAHAM, Circuit Judges.

**676**

INGRAHAM, Circuit Judge:

The district court dismissed the appellant Johnny Sarter's complaint because "the alleged transaction does not come within the protection of the Consumer Credit Protection Act . . .," 15 U. S.C. § 1601 (1970). The question on appeal is the propriety of this dismissal.[1]

On September 10, 1969, Sarter agreed with the appellee Lucille Mays to purchase real estate in Jefferson County, Alabama. The terms of the agreement were embodied in a "Lease Sale Contract," which provided that the total purchase price of $2000 was to be paid by an initial payment of $100 plus $40 a month until paid in full. After Sarter had paid $700 toward the purchase price, he notified Mays of his intention to rescind the contract; Mays did not respond to the notice. Sarter sought in the district court rescission of the agreement and a judgment against defendant for the $700 paid toward the purchase price, but the court dismissed the action, apparently without a hearing or submission of briefs.

■ It has long been the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All that need be set forth in the complaint is a " 'short and plain statement of the claim' that will give fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47. Significantly, if the information set forth in

the complaint does not adequately apprise the defendant of the nature of plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint. *See* C. Wright, Federal Practice & Procedure, § 1356, at 590–91 (1969).

■■ Measured against these principles, the district court improperly dismissed Sarter's complaint. The determination that the complaint did not fall within the scope of the Consumer Credit Protection Act, specifically 15 U.S.C. § 1635 authorizing rescission, depends on at least two factual questions that are unanswered in the complaint. First, the provisions of the Act apply only when the defendant is a "creditor," defined by § 1602(f) of the Act as only those "who regularly extend, or arrange for the extension of, credit for which the payment of a finance charge is required . . . ." Second, to fall within the rescission provision of the Act, the purchaser of real estate must have purchased property that "is used or is expected to be used as the principal residence of the customer. . . ." 12 C.F.R. § 226.9 (a). Consequently, the district court could not accurately determine the applicability of the Consumer Credit Protection Act until it had additional facts to answer these questions. The complaint could have been more carefully drafted, but since it appears that plaintiff might prove a state of facts to support the claim, we reverse and remand with leave to the plaintiff to amend his complaint.

Reversed and remanded.

[1]. It is not entirely clear from the district court's opinion whether the motion to dismiss was granted for failure to state a claim under Rule 12(b)(6) or under Rule 56 for summary judgment on the merits. Because there are no depositions, interrogatories or affidavits to consider in making a determination for summary judgment, presumably the court dismissed under Rule 12(b)(6) for failure to state a claim. In either event, our conclusion is the same. See C. Wright, Federal Practice & Procedure § 1356, at 597 (1969).