### III.

The judgment of the district court therefore will be affirmed.

William P.H. Cary (Thornton H. Brooks, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., on brief), for appellant.

Harold L. Kennedy, III (Harvey L. Kennedy, Kennedy, Kennedy, Kennedy and Kennedy, Winston-Salem, N.C., on brief), for appellee.

Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Burlington Industries, Inc., appeals the judgment of the district court awarding Linda C. Kornegay $2,401 back pay in her action alleging racial discrimination in violation of 42 U.S.C. § 1981.* Burlington assigns error to the district court's imposition of liability and to its calculation of back pay. We affirm the judgment with respect to liability. We vacate the award

Linda C. KORNEGAY, Appellee,

v.

**BURLINGTON INDUSTRIES, INC., Appellant.**

No. 86–3007.

United States Court of Appeals, Fourth Circuit.

Argued July 14, 1986.

Decided Oct. 14, 1986.

---

* Previously we affirmed the district court's judgment in favor of Burlington on all issues except the wage claim, on which the district court had omitted to make findings. We remanded the case for consideration of this claim. *See Kornegay v. Burlington Industries, Inc.,* 803 F.2d 713 (4th Cir. 1985) (unpublished).

of back pay and remand with directions to compute it giving effect to the statute of limitations.

## I

The district court found that Burlington had discriminated against Kornegay on the basis of race in the payment of wages from July 1976 until July 1979. It awarded her the difference between her salary and that paid a white employee with substantially similar qualifications and job title.

The district court's findings on this issue are not clearly erroneous. Consequently, we accept them. *See Anderson v. City of Bessemer,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982).

## II

Kornegay filed this action on June 1, 1982. The applicable statute of limitations is three years. *See* N.C.Gen.Stat. § 1–52; *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) (appropriate state statute of limitations applies to actions brought pursuant to § 1981). The district court held that because Burlington discriminated in the payment of wages in June 1979 within the three-year period of limitations, Kornegay had proved a continuing violation that justified recovery from July 1976, when the discrimination began, until July 1979, when it ended. Burlington assigns error to this ruling. It contends that back pay cannot extend beyond the three-year period of limitation and therefore Kornegay can claim back pay only for June 1979.

The district court relied on *Hill v. AT & T,* 731 F.2d 175 (4th Cir.1974), to conclude that Kornegay was entitled to back pay from 1976 on the basis of a continuing violation theory. But *Hill* was governed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and its discussion of a continuing violation is not applicable to this case. Comparison of Title VII with § 1981 discloses the problem with Kornegay's reliance on the concept of a continuing violation.

Section 2000e–5(e) requires a charge to be filed with the Equal Employment Opportunity Commission within 180 days after the discrimination occurred. An action must then be filed within the time specified in § 2000e–5(f)(1). If the claimant prevails by proving discrimination in the payment of wages within the 180–day period and earlier, § 2000e–5(g) puts a cap on back pay by limiting liability to a period of two years prior to the filing of the charge. *See Laffey v. Northwest Airlines, Inc.,* 740 F.2d 1071, 1094 (D.C.Cir.1984).

The difficulty with the district court's reasoning is that it analogized the 180–day period for filing a charge under Title VII to the three-year statute of limitations applicable to § 1981. The correct analogy is between the two-year cap of § 2000e–5(g) and the three-year period of limitation borrowed from state law.

Section 1981 has neither a provision for filing charges before bringing suit nor an express cap on back pay similar to that imposed by § 2000e–5(g). Instead, the statute of limitations borrowed from the state serves as a cap. In *Sledge v. J.P. Stevens & Co., Inc.,* 585 F.2d 625, 650 n. 40 (4th Cir.1978), referring to the same North Carolina statute of limitations, we explained that back pay liability under § 1981 extends at the most back three years from the filing of the action. *Accord Laffey,* 740 F.2d at 1094 (dictum); B. Schlei, P. Grossman, *Employment Discrimination Law* 1431 (2d ed. 1983). The concept of a continuing violation serves no purpose in a § 1981 discriminatory wage claim. Instead, the question is: when does back pay begin? The answer is: back pay begins when the discrimination began but not earlier than three years before the claimant filed suit.

Because the three-year statute of limitation for the § 1981 action serves as a cap on back pay, Kornegay, who filed this action on June 1, 1982, cannot recover back pay for any period before June 1, 1979. The judgment of the district court on the

issue of liability is affirmed. The back pay award is vacated, and the case is remanded for computation of back pay in accordance with this opinion. Kornegay, having prevailed on the issue of liability, shall recover her costs.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.