Dennis **CHISHOLM**, Billy Russell, and James Alexander, Plaintiffs,

v.

**THE T.J.X. COMPANIES, INC.,**[1] **Defendant.**

No. CIV.A. 2:03CV451.

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 7, 2003.

---

**1.** Plaintiffs improperly named "The T.J.X. Companies, Inc." as defendant in their complaint. Defendant's actual name is The TJX Companies, Inc.

James H. Shoemaker, Jr., Laura W. Rugless, Patten, Wornom, Hatten & Diamonstein, LC, Newport News, VA, Counsel for Plaintiffs.

Christina S. Pignatelli, Seyfarth Shaw, Washington, DC, Counsel for Defendant.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant's partial motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court **WITHHOLDS JUDGMENT** on the motion, and DI-

**RECTS** plaintiffs to file an amended complaint.

## I. Factual and Procedural History

On June 24, 2003, plaintiffs Dennis Chisholm, Billy Russell, and James Alexander filed their complaint in the above-captioned matter. The complaint alleges that, while employed as detectives by defendant TJX Companies, Inc., the defendant discriminated against them on the basis of race. More specifically, plaintiffs claim that defendant subjected them to unlawful disparate treatment and disparate discipline, wrongfully discharged Alexander, and constructively discharged Chisholm, all in violation of 42 U.S.C. § 1981 and the laws of the Commonwealth of Virginia. The entire complaint is phrased in the past tense and states allegations about defendant's conduct while plaintiffs "were" employed. Plaintiffs do not state when these violations occurred, nor do they state when defendant employed them. On September 2, 2003, defendant filed both a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a partial answer to plaintiffs' complaint. In its partial motion to dismiss, defendant asserts that the statute of limitations for claims under § 1981 arising in Virginia is two years. Consequently, defendant asks the court to dismiss the lawsuit "[t]o the extent Plaintiffs' claims arise more than two years before the filing of their Complaint." Defendant also raises the statute of limitations as an affirmative defense in its partial answer.

On September 12, 2003, the court received plaintiffs' opposition to defendant's partial motion to dismiss. In the opposition, plaintiffs argue that the applicable statute of limitations is four years. In addition, plaintiffs argue that irrespective of the applicable statute of limitations, the "continuing violation" doctrine would save their claims dating back indefinitely. The court received defendant's reply on September 22, 2003. On September 29, 2003, the court received defendant's request for a hearing on the motion. No hearing is required at this stage in the litigation. Accordingly, the motion is now ripe for review.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), in order to state a viable claim, a plaintiff is required only to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Essentially, the complaint must be sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the factual allegations in the complaint are presumed to be true, all reasonable inferences are made in favor of the non-moving party, and a count should be dismissed only if it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven. *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). In other words, the court will grant the Rule 12(b)(6) motion only if dismissal is required by the complaint itself. Finally, if the information set forth in the complaint does not adequately apprise defendant of the nature of plaintiff's claim, the court may allow plaintiff to amend his pleading to state more clearly the cause of action, rather than dismiss the complaint. *Sarter v. Mays,* 491 F.2d 675, 676 (5th Cir.1974).

In most cases in federal courts, plaintiffs are not required to plead when the events giving rise to their complaint occurred. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1309, at 696 (2d ed.1990). In some cases, however, the substantive na-

ture of the lawsuit and the general rules of pleading require the plaintiff to allege when defendant's illegal acts occurred. *Id.* Significantly, courts have required that a plaintiff plead time when the events in question spanned a number of years and when the date plaintiff discovered his injury appeared to be remote in time. *See, e.g., Bankest Imports, Inc. v. ISCA Corporation,* 717 F.Supp. 1537 (S.D.Fla.1989) (requiring a more definite statement of time and place where events underlying breach of contract claim spanned seven years); *Stewart Coach Indus., Inc. v. Moore,* 512 F.Supp. 879 (D.Ohio 1981) (holding that a plaintiff has a duty to plead the date of discovery of fraud where the alleged fraud apparently occurred at a remote time).

A claim that the applicable statute of limitations has expired is an affirmative defense. *See* Fed.R.Civ.P. 8(c). As a general rule, affirmative defenses will not be considered on a motion to dismiss. *See* 5A Wright & Miller, *supra,* § 1357, at 348–49. Rather, a court can properly dismiss a complaint on a Rule 12(b)(6) motion only when "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir.

1996) (citing *Richmond Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993)).[2]

The applicable statute of limitations for § 1981 claims arising in the Commonwealth of Virginia is currently two years. *Kornegay v. Burlington Indus., Inc.,* 803 F.2d 787, 788 (4th Cir.1986); *Demuren v. Old Dominion Univ.,* 33 F.Supp.2d 469, 476 (E.D.Va.1999).[3] Notwithstanding the statute of limitations, however, the "continuing violation" doctrine permits suit to be brought to redress systematic or serial violations of § 1981 on the basis of events that occurred more than two years before the filing of the complaint in some circumstances. *See Jenkins v. Home Ins. Co.,* 635 F.2d 310, 311–12 (4th Cir.1980) (per curiam).

### III. Analysis

The Federal Rules do not require that all plaintiffs claiming a violation of § 1981 include a statement of precisely when the violation occurred in their initial pleading. However, because plaintiffs' complaint indicates that the discovery of defendant's alleged illegal conduct may have been remote and that it probably spanned a number of years, requiring plaintiffs to indicate when their cause of

---

2. On a motion for summary judgment pursuant to Rule 56(c), unlike a motion to dismiss pursuant to Rule 12(b)(6), the court will consider not only the pleadings, but also depositions, answers to interrogatories, and admissions on file, together with any affidavits filed by the parties. Fed.R.Civ.P. 56(c). In appropriate circumstances, a court can convert a Rule 12(b)(6) motion into a Rule 56(c) motion for summary judgment. *Gay v. Wall,* 761 F.2d 175, 178 (4th Cir.1985). Such circumstances are yet not present here, however, as neither plaintiffs nor defendant have submitted any evidence in support of their claims. If affidavits or other evidence are submitted before the court rules on defendant's motion, however, the court may convert it to one for summary judgment under Rule 56(c).

3. Plaintiffs note that the Supreme Court has granted certiorari on the statute of limitations issue in *Jones v. R.R. Donnelley & Sons Co.,* —— U.S. ——, 123 S.Ct. 2074, 155 L.Ed.2d 1059 (May 19, 2003). They also note that the Fourth Circuit has stayed the appeal of *Atkinson v. Circuit City Stores,* No. 3:98cv738, (E.D.Va. Oct. 26, 2001), which presents the issue, pending the outcome of *Jones.* These pending cases do not alter the current state of the law in the Fourth Circuit, where the statute of limitations for a § 1981 claim is clearly two years. For district courts to stay all cases containing issues that are pending in the appellate courts would be impractical and create unmanageable docket backlogs.

action arose is appropriate in this case. *See Bankest,* 717 F.Supp. at 1539; *Stewart Coach,* 512 F.Supp. at 886.

In their June 24, 2003 complaint, plaintiffs allege that they were hired subject to disparate terms of employment and subjected to disparate discipline. (Compl. at ¶ 14.) They claim that they were paid less than counterparts with less experience. (Compl. ¶ 14.) They claim that defendant discriminated against them in providing opportunities for career development and promotion and that they were denied access to supervisory positions. (Compl. ¶¶ 12–13, 27.) Finally, counts I and II, respectively, claim wrongful discharge and constructive discharge of two plaintiffs.[4]

As the court has already noted, the statute of limitations for § 1981 claims arising in the Commonwealth of Virginia is two years. It appears highly doubtful on the face of the complaint that all of this alleged discrimination occurred between June 24, 2001, and the filing of the complaint. Therefore, plaintiffs are directed to file an amended complaint indicating approximately when these alleged violations occurred. Requiring plaintiffs to file a complaint that includes some reference to time is especially appropriate in light of their continuing violation claim. When determining whether a particular set of facts constitutes a continuing violation, this court uses the multi-factor test first established by *Berry v. Bd. of Supervisors of La. State Univ.,* 715 F.2d 971 (5th Cir. 1983). *Demuren,* 33 F.Supp.2d at 477–78; *Williams v. Enterprise Leasing Company of Norfolk/Richmond,* 911 F.Supp. 988, 998 (E.D.Va.1995). The *Berry* test requires the court to analyze three factors before reviving otherwise expired claims as part of a continuing violation. *Berry,* 715 F.2d. at 981. The court must determine (1) whether the alleged acts involve the same type of discrimination; (2) whether the alleged acts are frequent; and (3) whether the alleged acts have a degree of permanence which would trigger an employee's awareness and duty to assert his rights. *Id.* The first two *Berry* factors bear on whether the acts within and outside of the limitations period are part of a policy or practice chargeable to the employer. The third factor is the most important and is essentially a requirement that the repeated acts would not have put a reasonable employee on notice of the discrimination. In addition to the *Berry* factors, even when the continuing violation doctrine applies, at least one violation must have occurred within the applicable statute of limitations. *Hill v. AT & T Tech.,* 731 F.2d 175, 180 (4th Cir.1984) (internal quotations omitted).

*Berry* establishes a factor test for analyzing continuing violation claims; it does not create a list of elements which must be pleaded to survive a Rule 12(b)(6) motion. *See Berry,* 715 F.2d at 981. Nevertheless, to properly allege a continuing violation of § 1981, a plaintiff still must allege a set of facts which, if proven, would permit a court to reasonably infer that a continuing violation occurred. *Martin,* 980 F.2d at 952. The broad allegations of discriminatory treatment, while facially sufficient for a timely § 1981 claim, are not particular enough to permit an inference that the conduct was all of the same "type." *See Berry,* 715 F.2d at 981. Further, it has not been alleged in the complaint that the violations were frequent, largely because the complaint is devoid of dates. Lastly, there is no indication of why each plaintiff was not aware of the alleged violations at the time they were occurring. Therefore, plaintiffs are also directed in their amended complaint to set

---

**4.** Plaintiffs surely know their claimed discharge dates.

forth in greater detail allegations which support their continuing violation claim. The court reiterates that there are no specific elements of a continuing violation claim that plaintiffs must plead. However, the amended complaint should make factual allegations from which the court could reasonably infer that a continuing violation occurred and had not concluded more than two years before the filing of the complaint.

Plaintiffs are granted fourteen (14) days from the date of this order in which to file their amended pleading. Defendant is given fourteen (14) days from the filing of the amended complaint to supplement its response with law and any affidavits or other evidence that could be considered for purposes of Rule 12(b)(6) or for summary judgment under Rule 56(c). Plaintiffs are then given ten (10) days from the filing of defendant's supplemental response to reply.

### IV.  Conclusion

For the reasons set forth above, the court withholds judgment on defendant's motion to dismiss. Plaintiffs are **ADVISED** that the statute of limitations for violations of § 1981 occurring in the Commonwealth of Virginia is two (2) years, unless such claims are preserved by the continuing violation doctrine. Plaintiffs are **DIRECTED** to file an amended complaint providing a more detailed statement of their individual § 1981 and continuing violation claims in accordance with the deadlines set forth above. Both parties are **ADVISED** that if sufficient affidavits and other evidence is received, the court may consider the pending motion as one for summary judgment under Rule 56(c).

IT IS SO ORDERED.