**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAMES RANDALL PETERSON,
           *Plaintiff-Appellant,*

v.

TOGO D. WEST, Secretary of
Veterans Affairs,
           *Defendant-Appellee.*

No. 01-1026

JAMES RANDALL PETERSON,
           *Plaintiff-Appellant,*

v.

TOGO D. WEST, Secretary of
Veterans Affairs,
           *Defendant-Appellee.*

No. 01-1333

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-99-165-1)

Submitted: July 31, 2001

Decided: September 5, 2001

Before WILKINS, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Geraldine Sumter, FERGUSON, STEIN, WALLAS, ADKINS, GRESHAM & SUMTER, P.A., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James Peterson appeals the district court's grant of summary judgment to Defendant on his claim of retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000). For the reasons that follow, we affirm.

Peterson, a civil engineer employed by the Veterans Administration Medical Center (VAMC) since 1976, entered duty at VAMC in Asheville, North Carolina, as assistant chief in the Engineering Services Department in April 1993. In March 1994, Peterson provided to a VAMC administrator a statement and an affidavit about his knowledge of an incident involving another employee's grievance concerning the acting chief, Carl Wagner.

In early 1995, due to reorganization of the Engineering Services Department, Peterson became a section chief; however, his official title, GS grade and level, benefits, and salary remained the same. Peterson retained supervisory authority over the projects and biomedical engineering sections and gained direct authority over the grounds and carpenter shops over which another employee previously had supervision; however, he no longer had to supervise the maintenance and repair shops, over which Scott Holley obtained supervision. As

a result, Peterson supervised approximately twenty-four fewer employees, and Holley supervised eight fewer. Peterson viewed the repositioning as a demotion and complained that his new position required skills and knowledge beyond his ability. When offered the position of construction coordinator, Peterson declined and suggested James Refenes for the position. After Refenes became construction coordinator, Peterson complained about being overworked while waiting for Refenes' replacement.

On March 27, 1995, Peterson received a written admonishment from Wagner after Peterson disobeyed a direct order to remain in a meeting. Peterson and Wagner had two more confrontations in April 1995, which Peterson insisted on tape-recording. Wagner considered Peterson's actions insubordinate and suspended him for five days in June 1995. Peterson filed a complaint with the Veterans Administration EEO office, alleging age discrimination and reprisal.

The final agency decision, dated May 10, 1999, found no discrimination against Peterson. Peterson filed a complaint in district court on August 12, 1999, alleging unlawful reprisal for prior EEO activity. Peterson further complained of the personnel changes in January 1995, his reassignment from assistant chief to section chief, disapproval of requests for compensatory time, disparate performance standards, negative performance ratings, the March 1995 admonishment, a five-day suspension in June 1995, a reprimand for improperly requesting sick leave, and a November 1995 proposal to suspend him.

Defendant filed a motion for summary judgment. On October 27, 2000, the district court found the complaint untimely and, in the alternative, granted Defendant's motion for summary judgment on the merits. Peterson appealed this order, giving rise to No. 01-1026. Peterson filed a motion to reconsider, which the district court denied. Peterson appealed this order, giving rise to No. 01-1333. Defendant filed a motion for summary disposition, arguing lack of subject matter jurisdiction.

We review an award of summary judgment de novo. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ.

P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

To prevail on a Title VII retaliation claim, Peterson must show: (1) he engaged in a protected activity; (2) his employer took adverse employment action against him; and (3) a sufficient causal connection existed between the first two elements. *See Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996). If Peterson establishes a prima facie case, the burden shifts to Defendant to produce evidence of a legitimate, non-discriminatory reason for the adverse action. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If Defendant meets this burden, Peterson must show by a preponderance of the evidence that the proffered reason was pretextual, and that the adverse action was motivated by discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-48 (2000).

Peterson is a federal employee and must sue under § 2000e-16, an anti-discrimination provision that applies only to federal employees. Therefore, in order to establish an adverse employment action, he must show discrimination in what could be characterized as ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating. *See Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981); *see also Von Gunten v. Maryland*, 243 F.3d 858, 865-66 (4th Cir. 2001). Hiring, granting leave, discharging, promoting, and compensating do not comprise an exhaustive list of what constitutes an ultimate employment action, but rather illustrate the general level of decision contemplated by § 2000e-16. *Page*, 645 F.2d at 233; *see Von Gunten*, 243 F.3d at 866 n.3. Although Peterson's job duties changed, his official title, GS grade and level, benefits, and salary remained the same. Thus, we find that Peterson failed to show an adverse employment action was taken against him.

Furthermore, even assuming Peterson established that Defendant took adverse employment action against him, Peterson failed to establish the third element of causation. The mere fact that Wagner knew

that Peterson was testifying in another employee's EEO matter is insufficient evidence of retaliation. *See Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989). Thus, we find that Peterson failed to establish a prima facie case of retaliatory discharge. Moreover, he failed to rebut the legitimate, nondiscriminatory reasons offered by Defendant for its admonishment and suspension of Peterson for his insubordinate behavior. *See Laughlin v. Metropolitan Wa. Airports Auth.*, 149 F.3d 253, 260 (4th Cir. 1998); *Hartsell v. Duplex Products, Inc.*, 123 F.3d 766, 775 (4th Cir. 1997). Further, the reorganization leading to Peterson's modified position was a legitimate business decision which had been proposed and formally approved before Peterson's protected EEO activity. *See Hopkins*, 77 F.3d at 754-55. Consequently, we find that the district court properly granted summary judgment on the merits.*

We affirm the district court's order granting Defendant's motion for summary judgment. We deny Defendant's motion for summary disposition in light of Peterson's withdrawal of his assertion that his complaint was not filed pursuant to 28 U.S.C.A. § 2000e-16. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Because we find that the district court did not err in granting summary judgment on the merits, we need not address the proprieties of the district court's conclusion that the complaint was untimely.