**Keith RICHARDSON, Plaintiff,**

v.

**Michael DOWNING, Rick Sciacca, Metro Health Foundation, Defendants.**

**No. CIV.A.2001–10388RBC.**

United States District Court, D. Massachusetts.

Sept. 18, 2002.

Keith Richardson, Dorchester, MA, for Plaintiff.

Jeffrey S. Brody, Jackson Lewis LLP, Boston, MA, for Defendants.

### MEMORANDUM AND ORDER

COLLINGS, United States Magistrate Judge.

Reference is made to the Order (# 19) I issued on April 2, 2002 and the Further Order (# 29) issued July 16, 2002.

In their Sixth Affirmative Defense to plaintiff's Complaint, defendants assert that:

> Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and the jurisdictional limitation for commencing a lawsuit after the EEOC issued its dismissal.

Pursuant to 42 U.S.C. § 2000e–5(f)(1), any civil suit filed pursuant to Title VII alleging racial discrimination must be filed within ninety days after the complainant receives notice that the charge which was filed with the EEOC has been dismissed. In the instant case, the EEOC dismissed the charge on November 30, 2000 (# 23, Exh. D), and a copy of the dismissal was received by the defendants on December 1, 2000 (# 23, ¶ 4). The copy of the dismissal was sent by regular mail, and no return receipt was requested so that there is no documentary proof of the date upon which plaintiff received his copy. Plaintiff has stated that he has no proof as to when he received the notice although he speculates that since he lives in Dorchester and de-fendants' counsel is in downtown Boston and the notice was mailed from Boston, the notice took longer to reach him than it did to reach defendants' counsel. See # 32.

When a complaint is filed 91 days after receipt, it is untimely. *Moscowitz v. Brown*, 850 F.Supp. 1185, 1192 (S.D.N.Y. 1994). See also *Davis v. Sears, Roebuck and Company*, 708 F.2d 862, 863–4 (1 Cir. 1983) (complaint filed 92 days after receipt is untimely). Since the year 2000 was a leap year, February had 29 days. Thus, not counting December 1 (the day of the receipt), there were 30 days in December, 31 days in January, and 29 days in February. The 90th day was February 29, 2000; March 1, 2000 was the 91st day.

However, in response to the Further Order (# 29), the plaintiff argues that his Complaint was timely because three days should be added to the time for service by mail as is provided in Rule 6(e), Fed. R.Civ.P. See # 32, p. 2. There is no question but that if three days were added, the plaintiff's Complaint would be timely.

Plaintiff is correct that in these circumstances, i.e., where there is no proof of the actual date of receipt, courts have added three days to account for delivery by mail. In the case of *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), one Cynthia Brown filed a complaint with the EEOC alleging discriminatory treatment her employer, Baldwin County Welcome Center. *Id.* at 148, 104 S.Ct. 1723. "A notice of right to sue was issued to her on January 27, 1981" which informed her that if she chose to sue, she must file suit within ninety days of her receipt of the right to sue notice. *Id.* In a footnote, the Supreme Court wrote that "[t]he presumed date of receipt of the notice was January 30, 1981. Fed. Rule. Civ. Proc. 6(e)." *Id.*, n. 1.

Other courts have followed this precedent. See *Peterson v. West*, 122 F.Supp.2d 649 (W.D.N.C.2000), *aff'd*, 17 Fed. Appx. 199 (2001); *Williams v. Enterprise Leasing Co.*, 911 F.Supp. 988, 991–2 (E.D.Va.1995)(*citing cases*); *Moscowitz*, 850 F.Supp. at 1191.

Accordingly, I grant the plaintiff the three days permitted by Rule 6(e), Fed. R.Civ.P. Thus, his Complaint, which was filed on March 1, 2001, was filed in a timely manner. It is ORDERED that the defendants' Sixth Affirmative Defense be, and the same hereby is, STRICKEN.